May it please the Court, Steve Sadie for Mr. Reynolds. In his letter to the Bureau of Prisons, Mr. Reynolds' lawyer quoted the VOP website describing this type of issue as probably the most confusing and least understood sentencing issue. I hope it's not that difficult. I will say, speaking only for myself, I've been doing this job for ten years. I've never seen this issue before. I think that in this particular case, and this is unique and it is distinguishable from other cases that have been before the Court, exactly because the federal sentence gets imposed first, 71 months. Then the state sentence is imposed afterwards to run concurrently with the federal sentence. The Bureau of Prisons determines primary custody was in the state, therefore the state, under the sentencing statutes, the term doesn't begin to run until he arrives at the federal penitentiary. Did the state have the authority to send him to serve his federal sentence first rather than second? No. I think the case law has been pretty clear that that is not, that they can make requests, but that that is not required. And, in fact, the program statements discourage that type of thing because otherwise states would be imposing their housing costs on the Bureau of Prisons. So even assuming that he's in primary state federal, state jurisdiction at the start, there are three fundamental facts that require that the district court be reversed. First, in the National Inmate Appeals opinion at page 242 of the excerpt of record, the Bureau of Prisons uses precisely the language of the last sentence of 3485A to say that if there's nothing stated by the federal court that it should run consecutively. That statutory error alone requires reversal. This Court has held that 3584A applies not to the, does not apply to this type of situation. That it only applies where the sentence has already been in place or sentences being imposed at the same time, not when there is a sentence that has not yet been imposed. That says multiple terms of imprisonment imposed at different times run consecutively. That is correct, but it's not. Unless the court orders that the terms ought to run concurrently, which the court did not do in this case. This Court in Taylor has held that 3485 applies only in the situation where the first sentence applies, where there is an extant sentence, where there is already in existence a state or federal sentence, or federal sentences are being imposed at the same time. When those conditions don't exist, that statute does not apply. That's why that is a statutory error. The second error, looking at the program statement 5160.05 at ER 141, says that they have to inquire whether the sentencing judge has any objection. At page 84 to 85, Mr. Anderson writes to the BOP explaining there's a concurrent sentence, we believe that there is going to be running fully concurrently, could you please look into this pro-tunk aspect of it. The BOP sends a letter at 92 to 93 at the excerpt of record saying, Judge, without telling him that they were ordered to run concurrently, do you have any comment? Judge Lowell responds, absolutely appropriately, at page 94, we have no, I have no comment. It wasn't any comment. Why do you say that he responds appropriately? Because the question is, under the program statement, whether there is an objection. He has no objection. If he files an objection and says that there is some reason why the federal should trump, the federal judiciary should trump the state judiciary, that's something that certainly should be considered. Is there something in the program statement which required the Bureau of Prison to tell the federal sentencing judge about the state's order? Did the Bureau of Prison violate something in the program statement? Just to tell you where I'm standing, I had trouble seeing anywhere that the Bureau of Prison had done something wrong, that it had violated any statutory requirement, that it had violated its program statement. So I'm listening to see whether I can understand what it did wrong. Well, first of all, it was supposed to ask whether there was any objection. That's not what they asked. They asked, do you have any comment? So that was one. They just violated their own program statement. And that's significant because in the absence, when he says, I have no comment, that is no objection under their own guidelines. That should result in the non-protunct order that would have achieved the concurrent sentence that the state judges intended. Why is that? Is there something in the program statement that says they should follow the state court's requirement? Because I know our case law says it's just a request. It's not binding. The program statements talk about the desire, as is reflected in the letter. Although they do not consider it binding, they certainly consider it an important element. And it was not considered at all in the decision of the National Inmate Appeal or in the subsequent decisions. We see nothing about it. It's instead viewed as something, oh, we can do whatever we want, because the judge said no comment. On their own terms, that should be an objection. If there's no objection, they should defer to the only other judicial order. Otherwise, we have executive sentencing. And that is, there's no place that there is, that that's permissible where you, and there's no precedent in this circuit. The only other case coming close is the Taylor case. And in that case, we had the judge expressing himself very strongly and a state sentence where they did not say run it concurrently. But you're arguing, you say that we're having executive sentencing, which it seems to me is a problem, but you're arguing for the state determining the length of the federal sentence. No, not at all. Not at all. Well, you're not? What are you arguing for, then? We are arguing that the federal sentence is 71 months. Yeah. The federal 71 months from the time that the sentence was imposed, that he has served 71 months in prison. The question is, how does that time that he has spent in state prison, how does that count? When the state says that that should be counted as concurrently, the federal court has expressed nothing about it. He has already served his 71-month sentence last July. But I think I then return to my point. It sounds as though you're saying that because the federal judge has said nothing and the state court has said you should serve your state sentence concurrently, that means that he serves his federal sentence concurrently. In other words, the state judge gets to determine whether the federal sentence runs concurrently. The federal sentence is still 71 months. And the Bureau of Prisons is going to, is charged with the job of executing that sentence. And they have achieved 71 months by making sure that the non-proton designation under 3621B and as the Barden v. Kahane rules require that they do that in order to achieve concurrent sentences. That's the device that's being used in order to effectuate a concurrent sentence where a state judge would otherwise have their... Let me understand your argument. You're arguing, of course, that he has already served his federal sentence. And the way you get there is that he is serving his federal time concurrently with serving his state time. The federal judge has not sentenced him to serve concurrently. And when asked, the federal judge said nothing. The state court said these sentences should be served concurrently. But at least as I understand the law, the state judge has no power to determine how the federal sentence is going to run. He can determine how the state sentence is going to run.  So how do you get to saying he has served his 71 months of the federal sentence? How long has he been in prison? He's been in prison more than the 71 months. We know that right now. So the question becomes are we, through executive fiat, creating a consecutive state sentence or allowing that recognition that it's already run when you effectuate the state sentence when there's no objection from the federal judge? The federal judge says, not my business. Why other than that? But, of course, of the 71 months, how much time has he spent in federal prison? That time has been less than the full amount, about four years, because that's the time that he was in state custody after the sentence. So that he had been so that if you look at what period of time he had been punished for this conduct, that period of time is But that begs the question, sentenced for punished for this conduct. He spent a long time in state court being punished for this conduct that offended state law. He's been in prison, and we have a device that's fully recognized in the program statements saying that they will effectuate concurrent sentencing. That question is whether that's being effectuated in a constitutional lawful way. And here they're not doing that. Here's my problem. It seems to me that under separation of powers principles, the Bureau of Prisons should not be the sentencing entity. That is our position. But under federalism principles, it also seems to me that the state court should not be the sentencing entity with respect to the federal sentence. I don't think either one has the power to do that. I'm still talking. It occurs to me that we've got a bunch of judge-made law here anyway, and maybe the judge-made law should include a requirement that the federal judge, when the non-protunct request is made, say something. That is to say, it should go back to the only person who has the power to determine the length of the federal sentence, which is the federal judge. So that the federal judge should not have the option of saying no comment. The federal judge should say, okay, I intend that this should be non-protunct concurrent or not. Because I just can't see under either principles of separation of power or under principles of federalism that the BOP has the power to determine the length of the sentence or that the state court has the power to determine the length of the federal sentence. Your Honor, I think that that is a fallback position that I think would be reasonable to say that, if nothing else, that that would be a reasonable request, that they'd be required to do that. But I think that, consistent with the principles of dual sovereignty in Ponzi versus Fessenden, I think that's a critical case to cut through some of the judge-made law in this area and get to basic principles. And that is that, in Ponzi, they basically used a sort of a secure transactions kind of view of how you deal with the dual sovereignties. States and federal are equal. And if you have a sentence that's imposed at a time when there is no other sentence, then you have no power. That sentence is final. And the only power to affect how that second sentence is served is by the second judge. So that unless there is a statement by the federal judge, no, no, no, I have a reason for you to force this to be concurrent despite what the state court says, and I think that could create some federalism tensions, that the second sentence by the sovereign to give proper respect to a state, you have to effectuate that concurrent sentence. And there was no objection here. And in order to avoid all these constitutional issues, we should be construing the statutes and requiring that the program statement effectuate a second sentence when it is ordered concurrently. The federal judge sentenced him to serve 71 months. Yes. Did he say in a state or federal prison? I believe the usual. No. What did he say? You're remanded to the custody of the Bureau of Prisons to serve 71 months, not you're remanded to a state to serve 71 months. Every sentence that involves a non-protunct designation, that issue comes up because the Bureau of Prisons is then ordered to effectuate the judgment in a way that comports with the statutes and the Constitution. What you don't like is the discretion of the executive in using the non-protunct order. Do you think that should be a judge's determination, not a bureaucrat, pardon me, an executive function? Yes, I do. I do think that is one of the fundamental problems. But I think that we can even accommodate a level of discretion and still require that where you have this unique situation with no objection from the federal judge, a absolute order in the state, not a recommendation that their sentence is intended to run concurrently with the federal sentence, that under those circumstances there's an abuse of discretion not to. Could the state judge have accomplished his purpose of getting a concurrent sentence, of looking at the length of the state sentence, subtracting from that sentence 71 months, let's say the federal sentence, and sentencing them to the difference, the only remaining sentence under state law, to make sure my example is clear, let's say that the state judge wants to give them a sentence under state law of 91 months, but that he intends that it should run concurrently with the federal sentence that has not yet begun to run. So he sentences them to 20 months. On the contrary to the assumption that as soon as he's finished, he's going back to federal court for 71 months, federal prison for 71 months. Could the state court have done that? I don't know what the law in Montana is, but I think the good place to look for that, the answer to that question is in J. Blaine Anderson's letter where he describes what happened and everybody's understanding in Montana that the sentence would, in fact, run concurrently. That was the expectation. That was the benefit of the resolution that he achieved, and that's at pages 92 to 93 of the excerpt of record. Thank you. Let's hear from the other side, and then we'll give you a chance. May it please the Court. Suzanne Bredis for the United States. I want to start here with Taylor v. Sawyer, which answers a lot of the questions that have already been posed here today, specifically the question of dual sovereignty, which is the crux, really, of Petitioner's argument here, the weight that should be given to the state court concurrency order by the BOP. It was specifically addressed and specifically answered in this Court's decision in Taylor v. Sawyer. And there, what this Court said was that state orders, state sentencing orders, concurrency orders are not binding on the BOP. This Court went on to consider some of the same equity issues and constitutional issues that we've been talking about this morning, dual sovereignty, federalism, comity, and the Court answered all of those questions as well. So this Court is bound by the Court's decision in Taylor v. Sawyer, and that case is really dispositive of all of the major issues that are presented here today. Now, Judge Fletcher, to answer your question about how the state could give effect to its concurrency order if it wanted to, that's something that this Court addressed in Del Guzzi, which came before Taylor but which Taylor adopted and applied now after the Sentencing Reform Act. And basically, the concurrence in Del Guzzi said exactly what you're saying here today, which is that it's really incumbent upon the defenders, the public defenders as well as the state court, to give effect to a concurrency order because a concurrency order from the state court is not binding either on the federal court or on the BOP. So in terms of where the effect is to be given to the state court concurrency order, the onus really lies on the state court to do that. And it didn't do that here. What it did was sentence, first of all, it needs to be clarified that the state court order in this case is not a complete concurrency order. What happens in the state court's order, and you can find this at ER 325, which is the Lewis and Clark County sentencing order, and it's summarized a little bit more helpfully in the findings and recommendations, which is in ER 9. There was three groups of sentences, basically, that were given out by the state court, Group A, Group B, and Group C, which is laid out in the findings and recommendation. Group A was 10 years. It was given a 10-year sentence concurrent to the federal sentence. But then Lewis and Clark County sentenced Mr. Reynolds to an additional 10 years to run consecutively to Group A, and so therefore to run consecutively to the federal sentence. So that's a factual issue that does need to be considered here in this case. It's true that the Nunk-Pro-Tunk issue is something that is largely based on judge-made law, but we are not without statutory direction here, and the BOP's actions in this case were largely directed by statute. There's two separate statutes that direct what the BOP did in terms of computing the start date for the federal sentence. One of them is related to Nunk-Pro-Tunk, and that is an authority that this Court recognized arises out of 18 U.S.C. 3621. So that's BOP's discretionary authority to make a Nunk-Pro-Tunk designation, and that arises out of its authority to designate the place in which a federal sentence is going to be served. But before we ever get to the Nunk-Pro-Tunk issue, we have to start with the basic sentencing computation statutes. And here, that's 18 U.S.C. 3585a. And under 3585a, BOP has the responsibility to compute the start date for the federal sentence, but it's largely a ministerial act. 3585a dictates, Congress dictated, that the start date of the federal sentence would be the date at which the defendant is received into custody, awaiting transport to the place in which he's going to serve out his federal sentence. In this case, the defendant was not received into primary federal jurisdiction, federal custody, until the end of his state sentence, so December 22, 2006. And there's no dispute about that, that here the federal start date under 3585a is the date that BOP computed as the start date here, which is December 22, 2006. Now, the only arguments that Petitioner raises to combat BOP's computation under 3585a is that he argues that he wasn't under state primary jurisdiction at the time of his state arrest. So what he's arguing, basically, is that when he was arrested by the state police, he was arrested under federal authority. So he was under federal primary jurisdiction from the date of his October 3, 2002 arrest. And so, therefore, under 3585a, he would have been in federal custody at the time of the federal sentencing, so his federal sentence should have started then. Well, that question of primary jurisdiction is a factual question, and it's a factual question that the district court made a factual finding on. It goes specifically to under what authority the Montana State police officers were acting when they arrested Mr. Reynolds on October 3, 2002. The crux of the dispute that Petitioner raises here, the factual dispute that he raises here to combat the district court's finding, a fact about primary jurisdiction, is that when he was booked after that October 3, 2002 arrest by the Montana State police, he was booked on a warrant. When they filled out the booking sheet, they checked the box for warrant. And what Petitioner argues is that, based on the record, he could only have been booked under a federal warrant at that time because he claims that, in the record, the only warrant that was out was his arrest. If you don't mind my arranging your argument just a little bit, we have a pretty clear and factual finding out of the district court that this was state jurisdiction, and unless my fellow panelists have questions about that, I'm quite willing to accept that that's so. So let's treat that as so. But all the rest of the questions still seem to me as difficult as they ever were. One of my difficulties is I have trouble seeing how, under separation of powers, it's appropriate for the DOP to make a sentencing decision. And here, Your Honor, the answer is simply that it's not a sentencing decision. Well, it certainly seems to me that the DOP, in the absence of the judge saying something, is deciding on its own, applying its own criteria, whether or not this sentence should run concurrently or the federal sentence should run concurrently or not. That sounds like a sentencing decision, and it sounds like it's done by the executive branch. And my response to that is that that's a question that this Court has already passed on in Taylor, by looking at the non-proton designation and finding it. But I think it's done so on the assumption that the federal judge is going to weigh in and say what the federal judge wants to do. And here, the federal judge, even though the federal judge didn't make an objection at the time, it's not as though the DOP didn't look at the federal court's intent. And under the program statement, what it requires... Well, I'm sorry. There's no expressed intent. I mean, it's not as though... The DOP was willing to look to the federal judge's intent if the federal judge had expressed one, but he said no comment. He said no comment. So what the DOP did was look at the original sentencing order to look at the intent of the sentencing court... But the original sentencing order by law could not have been concurrent. That's correct. So the question of whether the federal judge intended to run concurrently with a later state sentence didn't arise at that time. He had no intent at that time. That's right. He couldn't have had an intent. Well, he could have had an intent. And there is, under the program statement, what it states is that under 3584, which binds the sentencing court's hands when it's sentencing first from ordering concurrent to a yet-imposed future sentence, what the program statement under BOP says is if the court nonetheless makes a concurrency designation at that time or order at that time, it will consider that as essentially a request for a non-court-tongue designation. So it's the court does have some opportunity to make that statement, and the BOP will consider it. But I think it's important also to understand what happens when the federal court doesn't object or doesn't make a statement here, as what happened here, which is that the BOP defaults back, essentially, to the 3585 sentence. So the non-court-tongue designation can only benefit the inmate if the federal court indicates a request for a concurrency. But absent the federal court's saying anything at that time, the default that the BOP goes back to is simply the 3585 start date for the federal sentence. So non-court-tongue can only provide a benefit to the inmate. It never is a longer sentence. I mean, after you get past all this detail and still stuck with what for me is a very hard problem, that is to say I'm seeing the BOP determining the length of the sentence, and the BOP is part of the executive branch. The executive branch is the prosecutor. The executive branch is not the judiciary. It is the job of the judiciary and not of the prosecutor to determine the sentence. And here the judiciary is determining the sentence. The federal court issued a sentence of 71 months, and that's what the BOP is executing. And I understand Your Honor's concerns. And I think that their answer to some extent in Barden, in the Seventh Circuit, in this case or in this circuit's case in Taylor, in which we look not at the BOP acting as a sentencing authority here, but as this non-court-tongue designation authority arises specifically out of 18 U.S.C. 3621. Can I ask you about this? Because I thought I heard you say that as a practical matter, unless the federal court says I want a concurrent sentence, the Bureau of Prisons, the BOP, will not make them concurrent between state and federal. Is that correct? Because that is not exactly what their program has even said. No, that's not entirely true. You're right. Where in this case the BOP defaulted back down to the 3585 sentence, it doesn't need to. And in fact, even if the federal court presents a concurrency, says to the BOP that it intends for the federal sentence to run concurrently, as you can see in the program statement and under the statutes, the BOP is not bound by that even if the federal court asks for it. And as a practical matter, though, does the BOP follow the order of the district court that the federal sentence should run concurrently with the state one? As a practical matter, I've never seen a case in which the BOP hasn't. And then in cases where there is no direction from the district court, the program statement recommends a series of equitable considerations, I guess. And so in certain circumstances, you have seen that the BOP will nevertheless order concurrent with the state. I haven't seen enough cases to be able to tell you, Your Honor, but I do know that the BOP does follow the program statement. And you're right, the federal intent is not the only factor. In fact, BOP, they do this as a 3621B analysis. So they're required to consider all of the five factors under 3621B, the sentencing court being the one that they focus most specifically on, and they say that in the program statement. But the nature and characteristics of the crime, the criminal history of the defendant, and any applicable sentencing guidelines as well as facility resources are all other factors that the BOP is required to consider and does consider. Sounds like the BOP is making a sentencing decision. And, Your Honor, I think my only response to that is to go back to what the Third Circuit said in Barden and what many of the other circuits have said who have had similar concerns that this is a separation of powers issue. And what they've said is that's really an issue for Congress to decide, that this power, this non-proton designation authority arises out of 18 U.S.C. 3621B and that that has been designated by Congress. That's a nice dodge. But if it violates the Constitution, it violates the Constitution, and Congress cannot authorize a violation of the Constitution. And I can only tell you what the courts that have passed on this question have already said. No, you're describing those cases accurately. They've said we're troubled by this, it looks like separation of powers problems to us, but we can't fix it, Congress can't. And I think to respond to the suggestion that you made during my opponent's statement, which is whether we should just require the sentencing court to make a statement about concurrency, my only concern with that is that we may run up against problems with 3584A, in which Congress specifically limited the federal court from making a concurrency order for a yet-to-be-imposed federal sentence. So unless we're going to go back. And yet-to-be-imposed state sentence. I'm sorry, yet-to-be-imposed any sentence, state or federal. But now the state sentence has not only been imposed, but has been served. Right. But then the question would be are we going to go back to the federal court and basically require it to give a second bite at the sentencing apple. Right. In which case. At this point, the practice apparently is we go back to the federal court to give the court an opportunity to say something. That's right, to give a recommendation. So under the current case law, there's no prohibition about going back to the federal court. That's correct. The question would be is if we require it, are we going to run into any problems with the statutes that are in place currently. Unless the Court has any other questions. Thank you. Thank you. Thank you. Would you like a moment to respond? I would. Thank you, Your Honor. I'll start with a minute. The Taylor case is not on point here because throughout that opinion, it deals with the federal judiciary, the federal judiciary, the federal judiciary. It never, ever says that the federal executive has any authority in this area and is not saying anything about the constitutionality of what occurred here, especially where the state isn't an operation of law. It's an order in a judgment saying that it should run concurrent. And I think that if you look at 325 of the executive record, it will show that they're all concurrent to the federal sentence. The government also relies on Del Guzzi. A real important distinction is that since the statute that they relied on in Del Guzzi, the Bureau of Prisons was stripped of the authority as far as concurrent consecutive and it was given clearly in 3584 to the federal courts. It's only a federal court prerogative. We heard talking about 3621B as providing a mechanism for getting to the concurrency. Even if you look at their own mechanism, their own decision-making process, it says that you're supposed to pay attention to the policy statements of the sentencing commission. 5G1.3B says that it is required that under these circumstances where the pre-sentence report shows these were all related cases, that those should be concurrent. So we have no mention. Again, they're not following their own rules. And as a result, we get that page 242 where the inmate administrator is saying, well, I think that your crime was so serious and I think your character is so bad that I'm not going to give you an unprotected designation. That's sentencing decisions. That's not making a decision based on the types of policy statements you would otherwise have. And under those circumstances, it's an illegal sentence, and it should be reversed and remanded for immediate release because he's already spent so much time in custody. Thank you. Okay. Thank both sides for a nice argument. Reynolds v. Thomas now submitted for decision. We've got one last case on the argument. The panel this morning. Klaskenheim People's Utility District v. Bonneville Power Administration.
judges: Fletcher W. , Bea, Ikuta